UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANDRA CORBIN and JOHN CORBIN,

    Plaintiffs,

v.                            Case No.: 2:22-cv-394-JES-KCD

BILL PRUMMELL, JR., DAVID GENSIMORE, AARON WILLIAMS, KENRICK ROGUSKA and MICHAEL DAVIDSON,

    Defendants.
_____/

## ORDER[1]

This is a civil rights action brought under 42 U.S.C. §1983. Plaintiff Sandra Corbin alleges that deputies with the Charlotte County Sheriff's Office violated her constitutional rights during a traffic stop. According to the complaint, Deputy Aaron Williams "intentionally kicked unarmed Mrs. Corbin to the ground . . . swept her on the stomach . . . and broke her leg[.]" (Doc. 1 ¶ 172.)[2] Plaintiff John Corbin, Sandra's husband, has brought a derivative claim

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services they provide, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

[2] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

for negligent infliction of emotional distress stemming from "hear[ing] his wife's ongoing screams of immediate and severe pain." (Id. ¶ 324.)

Now pending is Plaintiffs' Motion for Recusal of Re-Assigned Magistrate Judge Kyle Dudek (Doc. 11). Plaintiffs do not allege that the undersigned personally knows of their case. Nor do they claim that the undersigned has represented the defendants in this proceeding (or any other). Their motion, instead, is based on my history of having defended law enforcement officers and municipalities in other civil rights cases before taking the bench. According to Plaintiffs, the undersigned's prior civil-rights practice creates the "objective appearance, likelihood, and/or probability of bias on his part [that] is too high to be constitutionally tolerable." (Id. ¶ 21.)

Plaintiffs' motion starts strong—they claim my recusal is *required* "[u]nder both well-settled case law and federal law." (Doc. 11 ¶ 1.) Conspicuously absent, however, is any discussion of this "well-settled case law." Outside of citing the general standards, Plaintiffs offer no authority that suggests (much less compels) recusal.

There is a reason Plaintiffs' motion lacks legal substance. It is well-accepted that "prior knowledge [of] legal issues is **not** a ground for recusal of a judge." *Cipollone v. Liggett Group, Inc.*, 802 F.2d 658, 659 (3d Cir. 1986) (emphasis added). This makes sense, as a contrary approach would give litigants the power to "exercise a veto over the assignment of judges" based on little more than "highly tenuous speculation." *United States v. Greenough,* 782

2

F.2d 1556, 1558 (11th Cir. 1986). While it is important to guard "the integrity and dignity of the judicial process from any hint or appearance of bias," disqualification based on a judge's prior practice area, without more, is a bridge too far. *Huff v. Standard Life Ins.*, 683 F.2d 1363, 1370 (11th Cir. 1982). Not to mention, "[i]f Judges could be disqualified because their background in the practice of law gave them knowledge of the legal issues which might be presented in cases coming before them, then only the least-informed and worst-prepared lawyers could be appointed to the bench." *Cipollone*, 802 F.2d at 659; *see also In re Johnson-Allen*, 68 B.R. 812, 819 (Bankr. E.D. Pa. 1987) ("The fact that judges should not disqualify themselves because of having too much knowledge of the issues before them is well-spoken to[.]").

Even setting aside the perfunctory nature of Plaintiffs' motion and independently reviewing the merits, the same result follows. When moving for recusal under 28 U.S.C. § 455(a),³ as Plaintiffs do here, relief is appropriate if a reasonable observer would question the judge's impartiality. This standard requires that the court take the perspective of a fully informed third-party observer who understands all the facts. *See Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988). And importantly, "[a] reasonable observer must assume that judges are ordinarily capable of setting aside their own

---

³ Section 455 creates two primary grounds for recusal. *See* 28 U.S.C. § 455(a)-(b). Subsection (b) deals with actual bias and similar circumstances, while Subsection (a) applies when there is an alleged appearance of impropriety (even without actual bias). Plaintiffs have not alleged facts that would give rise to recusal under § 455(b). (*See* Doc. 11 at 2-8.)

interests and adhering to their sworn duties to faithfully and impartially discharge and perform all the duties incumbent upon them." *Armenian Assembly of Am., Inc. v. Cafesjian*, 783 F. Supp. 2d 78, 91 (D.D.C. 2011). Thus, "a judge should be disqualified only if it appears that he or she harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute." *Liteky v. United States*, 510 U.S. 540, 558 (1994) (Kennedy, J., concurring).

The undersigned is satisfied that a well-informed observer would not question my ability to be impartial here simply because I have defended law enforcement agencies. Reasonable, well-informed observers understand that law firms represent a variety of clients. They also understand that lawyers personally, and law firms as institutions, do not necessarily approve or identify with their clients' actions. After all, lawyers and law firms advocate for clients, even when their interests' conflict. That is the hallmark of advocacy. So my background, standing alone, does not provide sufficient grounds for recusal.

Avoiding the appearance of partiality is important. But recusal is the exception and not the rule. *See Laird v. Tatum,* 409 U.S. 824, 837 (1972) ("[A] federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified."). A party seeking recusal thus bears the heavy burden of proving impartiality. Plaintiffs have not carried that burden here.

Accordingly, it is **ORDERED**:

Plaintiffs' Motion for Recusal of Re-Assigned Magistrate Judge (Doc. 11) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on July 25, 2022

Kyle C. Dudek
United States Magistrate Judge

5