UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANDRA CORBIN and JOHN CORBIN,

    Plaintiffs,

v.    Case No: 2:22-cv-394-JES-KCD

BILL PRUMMELL, JR., in his official capacity as Sheriff of the Charlotte County, Florida; DAVID GENSIMORE, individually and in his official capacity as a Deputy for the Charlotte County Sheriff's Office, AARON WILLIAMS, individually and in his official capacity as a Deputy for the Charlotte County Sheriff's Office, KENRICK ROGUSKA, individually and in his official capacity as a Deputy for the Charlotte County Sheriff's Office, and MICHAEL DAVIDSON, individually and in his official capacity as a Deputy for the Charlotte County Sheriff's Office,

    Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on plaintiffs' Objection to Magistrate Kyle Dudek's Order (Doc. #13), filed on August 11, 2022. After service of process and at the request of the Court, defendants filed a Response (Doc. #51) on October 12, 2022. For

the reasons set forth below, the Objection is overruled, and the underlying motion is denied.

I.

After the magistrate judge originally assigned to this case transferred to the Tampa Division of the Middle District of Florida, newly appointed Magistrate Judge Kyle Dudek was assigned as the magistrate judge for this case.  (Doc. #10.)  Shortly thereafter, plaintiffs filed a Motion to Recuse Re-Assigned Magistrate Kyle Dudek or Alternatively Objection to Re-Assignment (Doc. #11.)  On July 28, 2022, Magistrate Judge Dudek issued an Order (Doc. #12) denying the recusal motion, finding "that a well-informed observer would not question my ability to be impartial here simply because I have defended law enforcement agencies. Reasonable, well-informed observers understand that law firms represent a variety of clients."  (Doc. #12, p. 4.)  Plaintiffs filed the Objection (Doc. #13) to the reassignment and the failure to recuse, which is now before the undersigned.  The Court will review the issues under a *de novo* standard.

II.

Plaintiffs have no basis to object to the reassignment of their case.  The magistrate judge originally assigned to the case transferred to the Tampa Division of the court, and most of his Fort Myers cases were reassigned to the newly appointed magistrate

judge who took his place in the Fort Myers division. Plaintiffs' objection to reassignment is overruled.

### III.

Plaintiffs also seek disqualification of Magistrate Judge Dudek, and object to his refusal to recuse himself in this case. In their original motion to recuse (Doc. #11), plaintiffs asserted the following grounds for disqualification of Magistrate Judge Dudek: (1) his longstanding history of representing law enforcement and municipal defendants as lead counsel in similar causes of action to those presented in plaintiffs' case; (2) his continuing to advertise himself as representing law enforcement and municipalities in similar causes of action, even after his appointment as a magistrate judge; (3) a pending appeal of a trial before the undersigned in which he participated as counsel for defendant law enforcement officials defending similar types of causes of action to those being presented by plaintiffs; and (4) his resulting conflict and bias as a decision-maker. Plaintiffs continue to press these grounds in their Objection.

The pertinent standards for disqualification of a federal judicial officer are well established. Under 28 U.S.C. § 455(a), a judge shall "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The test under § 455(a) is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was

sought would entertain a significant doubt about the judge's impartiality.  United States v. Kelly, 888 F.2d 732, 744-45 (11th Cir. 1989); Thomas v. Tenneco Packaging Co., 293 F.3d 1306, 1329 (11th Cir. 2002); In re Evergreen Sec., Ltd., 570 F.3d 1257, 1263 (11th Cir. 2009).  An allegation of bias must show that "the bias is personal as distinguished from judicial in nature." Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (citation omitted). Additionally, "Section 455(a) requires recusal when the objective circumstances create an appearance of partiality." United States v. Cerceda, 188 F.3d 1291, 1293 (11th Cir. 1999). Disqualification is also required where certain specific circumstances exist.  28 U.S.C. § 455(b).

The Supreme Court has also held, however, that the Due Process Clause may sometimes demand recusal even when a judge "ha[s] no actual bias." Aetna Life Ins. Co. v. Lavoie, 475 U.S. 813, 825 (1986).

> Recusal is required when, objectively speaking, "the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." Withrow v. Larkin, 421 U.S. 35, 47, 95 S. Ct. 1456, 43 L. Ed. 2d 712 (1975); see Williams v. Pennsylvania, 579 U.S. 1, 8, 136 S. Ct. 1899, 1905, 195 L. Ed. 2d 132 (2016) ("The Court asks not whether a judge harbors an actual, subjective bias, but instead whether, as an objective matter, the average judge in his position is likely to be neutral, or whether there is an unconstitutional potential for bias" (internal quotation marks omitted)).

Rippo v. Baker, 580 U.S. 285 (2017).

Plaintiffs argue that they have satisfied these standards, largely based on the assertion that Magistrate Judge Dudek's entire career has been representing police and municipalities in § 1983 actions, and that Judge Dudek "STILL" represents police and municipalities and has "current advertisements" reflecting that a "large part of his practice" is in civil rights litigation. (Doc. #13, p. 4) (emphasis in original). Plaintiffs argue that the motion is not about the level of knowledge he has developed, but Judge Dudek's "active and current ongoing representation and advertisement of/to police and municipal defendants". (Id., p. 10.)

The record is clear that Magistrate Judge Dudek has a longstanding professional history of representing law enforcement and municipal defendants as defense counsel in cases asserting claims similar to those presented in plaintiffs' case. Nothing about the prior emphasis in the same practice area, standing alone, disqualifies a judicial officer. For example, magistrate judges who have been former prosecutors or public defenders routinely handle criminal cases unless there is a specific reason in a particular case not to do so. Here, plaintiffs have not proffered any specific reasons demonstrating a need for disqualification of Magistrate Judge Dudek in this case.

Plaintiffs' most significant basis for disqualification is that after his judicial appointment Magistrate Judge Dudek continues to advertise himself as representing law enforcement and municipalities in similar causes of action. A federal magistrate judge occupies a full-time judicial position, 28 U.S.C. § 636(a), and cannot practice law on the side. 28 U.S.C. § 631(c). As it turns out, plaintiffs' only support for this allegation is that Magistrate Judge Dudek's former law firm did not update its website to remove his biography and other information after his appointment to his judicial position. Magistrate Judge Dudek has no control over his prior firm, although the Court notes that the information is no longer being displayed on that website[1]. Since there is no reliable information that Magistrate Judge Dudek is practicing law of any kind while serving in his current position, the Court finds no basis for disqualification.

Plaintiffs also point to a pending appeal of a trial conducted by the undersigned in which, prior to his judicial appointment, Magistrate Judge Dudek participated as counsel for defendant law enforcement officials defending similar types of causes of action to those being presented by plaintiffs. The record establishes that Magistrate Judge Dudek has no involvement in the appeal, and

---

[1] https://www.henlaw.com/attorneys/?search-term-all=attorneys

there is nothing about that case or the existence of an appeal which would support disqualification.

Finally, plaintiffs generically refer to Magistrate Judge Dudek's "conflict and bias as a decision-maker." (Doc. #11, p. 2.) No specifics are identified, rather plaintiffs suggest that their prior grounds lead to conflict and bias. (Doc. #13, p. 13 ¶ 49.) This is insufficient to require disqualification.

Upon *de novo* review of the record, the undersigned finds that an objective, disinterested lay observer who was fully informed of the facts underlying the asserted grounds for disqualification would not entertain a significant doubt about Magistrate Judge Dudek's impartiality. The undersigned further finds that the objective circumstances established in the record do not create an appearance of partiality, and that there are no specific circumstances established under 28 U.S.C. § 455(b) which would require disqualification. Finally, the undersigned finds that the objective circumstances do not establish the probability of actual bias on the part of Magistrate Judge Dudek which is too high to be constitutionally tolerable.

Accordingly, it is now

**ORDERED**:

Plaintiffs' Objection to Magistrate Kyle Dudek's Order (Doc. #13) is **OVERRULED**. Plaintiffs' Motion to Recuse Re-Assigned

Magistrate Kyle Dudek or Alternatively Objection to Re-Assignment (Doc. #13) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this __30th__ day of November 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
The Hon. Kyle C. Dudek
Counsel of Record

- 8 -