UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANDRA CORBIN and JOHN CORBIN,

    Plaintiffs,

v.   Case No.: 2:22-cv-394-JES-KCD

BILL PRUMMELL, JR., DAVID GENSIMORE, AARON WILLIAMS, KENRICK ROGUSKA and MICHAEL DAVIDSON,

    Defendants.
_____/

## ORDER

Before the Court is Defendants' Motion to Compel Plaintiffs to Provide Non-Retained Expert Disclosure that Complies with FRCP 26(a)(2)(C). (Doc. 78.)[1] Plaintiffs Sandra and John Corbin (collectively "Corbins") have responded in opposition. (Doc. 83.) For the reasons below, Defendants' motion is granted.

### I. Background

This is a civil rights dispute stemming from a traffic stop where Charlotte County Sheriff's Deputy Aaron Williams allegedly kicked Mrs. Corbin. She underwent surgery to treat a fractured tibia, followed by a total knee replacement and months of physical therapy. (Doc. 1.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and subsequent citations.

During discovery, the Corbins served expert disclosures identifying five non-retained treating physicians. At issue now are the disclosures for Dr. Dingle and Dr. Schroering. (Doc. 78-1.) The disclosure for Dr. Dingle provides:

> Surgeon
> Dr. S. Dingle
> Kennedy White Orthopedics
> 6050 Cattleridge Blvd.
> Sarasota, Fl. 34232
> Nature of Testimony/Opinions:
> Dr. Dingle will testify to the diagnosed fracture, this specific emergency surgery/procedure itself, medical care and treatment provided, the second surgery performed on Mrs. Corbin's leg, post-op care, healing process, extent of the injury, and opine on the long-term prognosis, complications, pain, therapy, changes in autonomy and physical independence, quality of life, and harm caused by this injury.

The disclosure for Dr. Schroering is fairly similar:

> General Surgeon
> Dr. Stephen Schroering
> 315 E. Olympia
> Punta Gorda Fl 33950
> Nature of Testimony/Opinions: Dr. Schroering will testify to the two separate surgeries performed on Mrs. Corbin's leg as a result of this fracture at issue, all medical care and treatment provided, pain treatment, the healing process, and opine on the long-term prognosis, complications, changes in autonomy and physical independence, quality of life, and harm caused by this injury.

(Doc. 78-1.) Defendants argue these disclosures are insufficient and ask the Court to compel the Corbins to provide the information required under Rule 26(a)(2)(C). (Doc. 78.)

2

## II. Legal Standard

Rule 26 of the Federal Rules of Civil Procedure governs expert witness discovery. It says, among other things, that a party must disclose the identity of each expert witness it may call at trial. Fed. R. Civ. P. 26(a)(2)(A).

Rule 26 differentiates between retained and non-retained experts. A retained expert is a witness "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). Disclosures of retained experts must include "a written report containing a complete statement of all opinions the witness will express and the basis and reasons for them[.]" *Dobbs v. Allstate Indem. Co.*, No. 21-13813, 2022 WL 1686910, at \*2 (11th Cir. May 26, 2022).

Non-retained experts, by contrast, "are fact witnesses that may also provide limited opinion testimony based on their personal observations and professional training." *Roster v. GeoVera Specialty Ins. Co.*, No. 2:21-CV-806-JLB-KCD, 2023 WL 1824563, at \*2 (M.D. Fla. Jan. 3, 2023). Rule 26 does not require a non-retained expert to provide a full-throated written report. Instead, the disclosure must include "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(i)-(ii).

3

### III. Discussion

The parties agree that Dr. Dingle and Dr. Schroering are non-retained experts. (Doc. 78, Doc. 78-1, Doc. 83.) Thus, the Court must resolve a straightforward question: Do the Corbins' expert disclosures for Dr. Dingle and Dr. Schroering comply with Rule 26(a)(2)(C)?

When interpreting the Federal Rules of Civil Procedure, "a court's proper starting point lies in a careful examination of the ordinary meaning and structure of the [rule] itself." *Food Mktg. Inst. v. Argus Leader Media*, 139 S. Ct. 2356, 2364 (2019); *see also Bus. Guides, Inc. v. Chromatic Commc'ns Enterprises, Inc.*, 498 U.S. 533, 540-41 (1991) ("We give the Federal Rules of Civil Procedure their plain meaning. As with a statute, our inquiry is complete if we find the text of the Rule to be clear and unambiguous."). Looking at the plain language of Rule 26(a)(2)(C), the use of "and" to join subsections (i) and (ii) requires the disclosure of the subject matter of an expert's expected testimony as well as a summary of the expert's opinions and supporting facts. An expert disclosure that does not include both is deficient.

Moreover, the summary called for in subsection (ii) clearly requires the disclosing party to do more than list the topics an expert may discuss. *See Torres v. Wal-Mart Stores E., L.P.*, 555 F. Supp. 3d 1276, 1298 (S.D. Fla. 2021). "While the summary Rule 26(a)(2)(C) requires is considerably less extensive than [a full] report," a party must disclose their non-retained expert's opinions

4

and "tether [those opinions] to the specific facts of the case." *Worley v. Carnival Corp.*, No. 21-CIV-23501, 2023 WL 1840107, at *11 (S.D. Fla. Jan. 27, 2023). This is so the person reading the disclosure may obtain "an idea of the opinion the witness will offer and of the facts on which the witness will base that opinion." *Id*. Simply "[s]aying that [an expert] will have some type of opinion without revealing the actual opinion is tantamount to saying nothing at all." *Id*.

Although the Corbins' expert disclosures identify the subject matter each doctor will cover, they do not include any opinions or summarize the facts upon which those opinions are based. That is not enough. *See Roster v. GeoVera Specialty Ins. Co.*, No. 2:21-CV-806-JLB-KCD, 2023 WL 1824563, at *2 (M.D. Fla. Jan. 3, 2023); *Galluccio v. Wal-Mart Stores E. LP*, No. 1:20CV240-MW/GRJ, 2021 WL 5033816, at *4 (N.D. Fla. Oct. 15, 2021); *Torres*, 555 F. Supp. 3d at 1298; *Ruckh v. CMC II LLC*, No. 8:11-CV-1303-T-23TBM, 2016 WL 7665191, at *3 (M.D. Fla. Dec. 21, 2016) (finding the disclosure of a non-retained expert that listed only broad topics to which the expert might testify "fell brutally short of satisfying Rule 26(a)(2)(C)(ii)").

The Corbins seek to bolster their deficient disclosures by noting Defendants are "in possession of all the records, notes, reports, and post-op reports of [the non-retained experts]" and their opinions will concern the information contained in those records. (Doc. 83 at 12.) But it is irrelevant

5

whether the documents in Defendants' possession contain the facts that underlie the expert opinions. Rule 26 places the burden of identifying and summarizing a non-retained expert's opinions, and the facts supporting them, on the disclosing party. Fed. R. Civ. P. 26(a)(2)(C)(ii); *see also Bus. Guides, Inc.*, 498 U.S. at 540-41. The Corbins cannot shift that burden by dropping their medical records at Defendants' feet. *See, e.g., Small v. Amgen, Inc.*, No. 2:12-CV-476-FTM-PAM-MRM, 2017 WL 5443912, at *4 (M.D. Fla. Feb. 15, 2017) ("[C]ourts within the Eleventh Circuit have been unwilling to allow medical records to be submitted in lieu of a summary."); *Sweat v. United States*, No. 8:14-CV-888-T-17JSS, 2015 WL 8270434, at *2 (M.D. Fla. Dec. 8, 2015) ("To satisfy the Rule 26(a)(2)(C) disclosure obligation, the expert witness should do more than merely produce records."); *Jones v. Royal Caribbean Cruises, Ltd.*, No. 12-20322-CIV, 2013 WL 8695361, at *4 (S.D. Fla. Apr. 4, 2013) (finding the production of medical records did not equate to compliance with Rule 26(a)(2)(C)).

When a party fails to provide information required by Rule 26, as here, the court has discretion to impose an appropriate sanction. Fed. R. Civ. P. 37(c)(1). This includes excluding the witness. *Henderson v. Ford Motor Co.*, 72 F.4th 1237, 1243 (11th Cir. 2023) (citing Fed. R. Civ. P. 37(c)(1)). Defendants do not seek exclusion. They instead ask for an order compelling the Corbins to provide an expert witness disclosure that complies with Rule 26(a)(2)(C). (Doc.

78.) The Court agrees this is the appropriate remedy. Because the discovery deadline has passed, the Court will also extend Defendants' expert disclosure deadline to alleviate any prejudice and allow them a meaningful opportunity to explore the Corbins' expert opinions. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997) ("[D]istrict courts enjoy broad discretion in deciding how best to manage the cases before them.").

It is thus **ORDERED**:

1. Defendant's Motion to Compel Plaintiffs to Provide Non-Retained Expert Disclosure that Complies with FRCP 26(a)(2)(c) (Doc. 78) is **GRANTED**;

2. The Corbins must update the Rule 26 disclosures for Dr. Dingle and Dr. Schroering by October 11, 2023;

3. The Court will extend discovery for the limited purpose of allowing Defendants to explore the updated expert opinions, update its own expert report and opinions, and adequately prepare for any depositions of the experts. A new scheduling order will follow under separate order.

**ENTERED** in Fort Myers, Florida on October 2, 2023.

Kyle C. Dudek
United States Magistrate Judge