UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANDRA CORBIN and JOHN CORBIN,

    Plaintiffs,

v.                                      Case No.:  2:22-cv-394-JES-KCD

BILL PRUMMELL, JR., DAVID GENSIMORE, AARON WILLIAMS, KENRICK ROGUSKA and MICHAEL DAVIDSON,

    Defendants.
_____/

## **ORDER**

    Before the Court is Defendants' Second Motion to Compel Plaintiffs to Provide Non-Retained Expert Disclosures. (Doc. 89.)[1] Plaintiffs Sandra and John Corbin (collectively "Corbins") have responded in opposition. (Doc. 90.) For the reasons below, Defendants' motion is granted.

### **I. Background**

    This is a civil rights dispute stemming from a traffic stop where Charlotte County Sheriff's Deputy Aaron Williams allegedly kicked Mrs. Corbin. She underwent surgery to treat a fractured tibia, followed by a total knee replacement and months of physical therapy. (Doc. 1.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and subsequent citations.

During discovery, the Corbins served expert disclosures for two non-retained treating physicians—Drs. Dingle and Schroering ("the doctors"). Defendants moved to compel updated disclosures, claiming they failed to provide the information required under Federal Rule of Civil Procedure 26(a)(2)(C). (Doc. 78.) In response, the Corbins argued they followed Rule 26, but even if not, Defendants had the underlying medical records that contained all the information supporting the doctors' opinions. (Doc. 83.)

The Court rejected the Corbins' arguments and granted the motion to compel. (Doc. 85.) Pertinent here, the Court found the Corbins' expert disclosures identified the subject matter of the doctors' expected testimony but did not provide any of their opinions or summarize the facts on which those opinions are based. (Doc. 85 at 5.) The Corbins were thus ordered "to update the Rule 26 disclosures for Dr. Dingle and Dr. Schroering by October 11, 2023." (Doc. 85 at 7.)

On October 16, 2023, the Corbins provided Defendants with revised disclosures. (Doc. 89-2.) Placed side-by-side, the amendments to the doctors' disclosures are identical. It appears the Corbins simply copied the "opinions" from one doctor and pasted them into the disclosure for the other. The disclosures identify twenty-one topics each doctor is expected to "testify and opine on," including:

2

> The extent of the injury to Mrs. Corbin caused by DEF Aaron's kick and/or leg sweep forcibly taking Mrs. Corbin to the ground and breaking her leg[.]
>
> …
>
> The basic steps a person trained in first aid and/or paramedic would reasonably perform on the since of a person with a fractured leg as a result of a forcible kick and/or leg sweep[.]
>
> …
>
> The effects of the injury and delayed treatment on the vital signs on the scene of Mrs. Corbin, whose leg was forcibly broken as a result of one kick and/or leg sweep[.]
>
> The effects on the injury and prognosis of forcing Mrs. Corbin to stand and bear weight on that broken leg[.]
>
> …
>
> Medical necessity of any subsequent operation on that leg[.]
>
> Medical reasons for any physical therapy or other therapy which was ordered[.]
>
> …
>
> Length of such above therapy and Mrs. Corbin's progress and prognosis from therapy[.]
>
> Effects of this injury on Mrs. Corbin's quality of life, livelihood, housekeeping duties, and libido[.]

(Doc. 89-2 at 2-6.)

3

Defendants claim the disclosures remain insufficient and ask the Court to again compel production of the information required by Rule 26(a)(2)(C). (Doc. 89.) The Corbins offer several arguments in response. First, they claim the undersigned lacks jurisdiction to rule on the motion to compel because they did not consent to the Magistrate Judge. (Doc. 90 at 1-3.) They then reassert the same arguments raised in opposition to the first motion to compel: they have followed Rule 26; the information sought by Defendants would amount to the detailed report required only for retained experts; and Defendants can obtain the doctors' opinions by deposing them or searching through Mrs. Corbin's medical records.

## II. Discussion

The Court starts with the jurisdictional issue. According to the Corbins, the undersigned is without authority to decide Defendants' motion to compel absent their consent. This argument is baseless. Consent is not required for a magistrate judge to rule on non-dispositive matters. *Roberts v. Freedom Mortg. Corp.*, No. 22-14241, 2023 WL 8085566, at *4 (11th Cir. Nov. 21, 2023). The parties' consent is needed only when a magistrate judge "rul[es] on dispositive motions or resolve[s] the case in its entirety." *Id*. Defendants' motion to compel is non-dispositive, as it will not decide or eliminate any of the Corbins' claims. Thus, the undersigned may rule on it without consent. *See, e.g.*, *Santiago Manuel A. v. Jamison*, No. 2:13-CV-781-FTM-29CM, 2015 WL 5091990, at *3

(M.D. Fla. Aug. 28, 2015) (Steele, J.) ("[P]laintiff's consent is not required for the Magistrate Judge to review pretrial and non-dispositive matters.").

Turning to the merits, the Court has already explained what Rule 26(a)(2)(C) requires—a non-retained expert disclosure must include not only the subject matter of the expert's expected testimony but also a summary of the opinions and supporting facts. (Doc. 85 at 4.) The Court also explained that "[w]hile the summary Rule 26(a)(2)(C) requires is considerably less extensive than [a full] report, a party must disclose their non-retained expert's opinions and tether [those opinions] to the specific facts of the case." (*Id*. at 4-5.) "This is so the person reading the disclosure may obtain an idea of the opinion the witness will offer and of the facts on which the witness will base that opinion." (*Id*. at 5.) "Simply [s]aying that [an expert] will have some type of opinion without revealing the actual opinion is tantamount to saying nothing at all." (*Id*.)

The amended expert disclosures are much longer than their predecessors, but they remain fundamentally flawed. Most notably, they do not contain opinions. The additions to the disclosures are merely lines of inquiry that counsel presumably intends to pursue at trial.

For example, the expert disclosures provide that each doctor will offer testimony on "the extent of the injury to Mrs. Corbin caused by DEF Aaron's kick and/or leg sweep forcibly taking Mrs. Corbin to the ground and breaking

5

her leg." But there is no actual opinion provided about the "extent of the injury" Ms. Corbin experienced. As another example, the disclosures do not mention if, or why, the doctors believe surgery and physical therapy were medically necessary. (*Id.* at 3, 5.) Nor do they state the doctors' opinions on Mrs. Corbins' recovery period or the effect her injuries will have on her "quality of life, livelihood, housekeeping duties, and libido." (*Id.*) Each of the twenty-one topics included in the amended disclosures simply tells the reader that the doctors are expected to have an opinion on the identified subject. That does not satisfy Rule 26(a)(2)(C). *See, e.g., Worley v. Carnival Corp.*, No. 21-CIV-23501, 2023 WL 1840107, at *11 (S.D. Fla. Jan. 27, 2023) ("For all practical purposes, the identical disclosures merely list the topics of possible opinions which doctors might render without actually disclosing the actual opinion or tethering them to the specific facts of the case.").

The Corbins continue to argue that any deficiency in their disclosures is remedied by Defendants' possession of the medical records. (Doc. 90 at 5, 8.) But as the Court already explained, "Rule 26 places the burden of identifying and summarizing a non-retained expert's opinions, and the facts supporting them, on the disclosing party." (Doc. 85 at 6.) Defense counsel need not scavenge Mrs. Corbin's medical records in search of her experts' opinions. *See, e.g., Small v. Amgen, Inc.*, No. 2:12-CV-476-FTM-PAM-MRM, 2017 WL 5443912, at *4 (M.D. Fla. Feb. 15, 2017) ("[C]ourts within the Eleventh Circuit

6

have been unwilling to allow medical records to be submitted in lieu of a summary."); *Sweat v. United States*, No. 8:14-CV-888-T-17JSS, 2015 WL 8270434, at *2 (M.D. Fla. Dec. 8, 2015) ("To satisfy the Rule 26(a)(2)(C) disclosure obligation, the expert witness should do more than merely produce records."); *Jones v. Royal Caribbean Cruises, Ltd.*, No. 12-20322-CIV, 2013 WL 8695361, at *4 (S.D. Fla. Apr. 4, 2013) (finding the production of medical records did not equate to compliance with Rule 26(a)(2)(C)). If the Corbins wish to rely on the doctors' testimony, they must provide Defendants with disclosures that identify their opinions and summarize the supporting facts. Fed. R. Civ. P. 37(c)(1).

The Corbins also assert that any deficiencies in their disclosures could be remedied by deposing the doctors. But it is their burden to provide expert disclosures that comply with Rule 26. Having not done so, they may not shift their burden to Defendants. To hold otherwise would render Rule 26's requirements superfluous. *See Walter Int'l Prods., Inc. v. Salinas*, 650 F.3d 1402, 1413 (11th Cir. 2011) ("The reason for requiring that an expert report be provided before a deposition is taken is so the opposing party can use the report to examine the expert at the deposition. As the district court pointed out, it is harmful to deprive opposing counsel of the expert's report before his deposition.").

The Court will thus grant Defendants' motion to compel and again direct the Corbins to provide expert disclosures for Drs. Dingle and Schroering that follow Rule 26. Specifically, the disclosures must identify the doctors' opinions and summarize the facts on which they are based.

It is thus **ORDERED**:

1. Defendants' Second Motion to Compel Plaintiffs to Provide Non-Retained Expert Disclosures (Doc. 89) is **GRANTED**;[2]

2. The Corbins must update the Rule 26 disclosures for Dr. Dingle and Dr. Schroering by December 21, 2023;

3. The Court will again extend discovery for the limited purpose of allowing Defendants to explore the updated expert opinions, update its own expert report and opinions, and adequately prepare for any depositions of the experts. A new scheduling order will follow under separate order.

**ENTERED** in Fort Myers, Florida on December 12, 2023.

*Kyle C. Dudek*
Kyle C. Dudek
United States Magistrate Judge

---

[2] If a motion to compel "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). Defendants do not ask for their expenses. Nor have they provided any documentation to issue such an award. According, the Court cannot order expenses at this time. *See, e.g., CMR Constr. & Roofing, LLC v. ASI Preferred Ins. Corp.*, No. 219CV442FTM29MRM, 2020 WL 9172016, at *3 (M.D. Fla. May 1, 2020).