```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

SANDRA CORBIN and JOHN CORBIN,

      Plaintiffs,

v.                                   Case No: 2:22-cv-394-JES-KCD

BILL PRUMMELL, JR., in his official capacity as Sheriff of the Charlotte County, Florida Sheriff's Office; DAVID GENSIMORE, individually and in his official capacity as a Deputy for the Charlotte County Sheriff's Office; AARON WILLIAMS, individually and in his official capacity as a Deputy for the Charlotte County Sheriff's Office; KENRICK ROGUSKA, individually and in his official capacity as a Deputy for the Charlotte County Sheriff's Office; and MICHAEL DAVIDSON, individually and in his official capacity as a Deputy for the Charlotte County Sheriff's Office,

      Defendants.

---

**OPINION AND ORDER**

This matter comes before the Court on plaintiffs' Objection to the Magistrate's Order on Defendants' Second Motion to Compel (Doc. #95) filed on December 21, 2023.  Defendants filed a Response

(Doc. #96) on December 29, 2023. For the reasons set forth below, the Objections are overruled.

I.

On October 2, 2023, the Magistrate Judge issued an Order (Doc. #85) granting defendants' first Motion to Compel and requiring plaintiffs to update the Rule 26 disclosures for non-retained treating physicians Dr. Dingle and Dr. Schroering. The Magistrate Judge found that the prior disclosures identified the subject matter of the expected testimony but did not provide any of the opinions or summarize the facts on which those opinions are based. (Id. at 5.)

On October 16, 2023, plaintiffs provided the updated disclosures. Thereafter, defendants filed a Second Motion to Compel, asserting that the updated disclosures were still insufficient. On December 12, 2023, the Magistrate Judge issued an Order (Doc. #93) granting defendants' Second Motion to Compel and requiring plaintiffs to further update disclosures for Dr. Dingle and Dr. Schroering. The Magistrate Judge rejected a jurisdictional argument, noting that consent was not required for a magistrate judge to resolve non-dispositive pretrial matters. The Magistrate Judge then found that "[t]he amended expert disclosures are much longer than their predecessors, but they remain fundamentally flawed. Most notably, they do not contain

opinions. The additions to the disclosures are merely lines of inquiry that counsel presumably intends to pursue at trial." (Id. at 5.)

## II.

Plaintiffs have filed an Objection raising two grounds: (1) the Magistrate Judge lacked jurisdiction to resolve the motions to compel because plaintiffs have never given their consent; and (2) the magistrate judge was clearly wrong in his substantive ruling. After *de novo* review, the Court overrules both objections.

**A. Jurisdiction**

A United States magistrate judge may conduct "any and all proceedings" in a civil matter if all parties consent. 28 U.S.C. § 636(c)(1). Plaintiffs are certainly correct when they assert that they are permitted to withhold such consent, and that they have not given such consent in this case. Even without consent, however, a magistrate judge may hear and determine "any pretrial matter pending before the court," except for certain types of dispositive matters which are not relevant to this case. 28 U.S.C. § 636(b)(1)(A). By Local Rule, the district judges of the Middle District of Florida have provided that a magistrate judge "can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." M.D. Fla. R. 1.02(a). In the Administrative Order required by Local Rule

1.02(b), the Chief Judge has set forth the specifics of this authority in some detail. See In re: Authority of United States Magistrate Judges in the Middle District of Florida, Case No. 8:20-mc-00100-SDM, Doc. #3 (M.D. Fla.) (the Administrative Order). A magistrate judge's authority includes the authority to conduct proceedings and enter an order concerning pretrial proceedings and motions. Administrative Order, (e)(1). A district judge may reconsider the magistrate judge's order on any such pretrial matter if an objection is made and the magistrate judge's order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72 ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.").

The argument that the consent by plaintiffs was required for the Magistrate Judge to rule on this type of pretrial matter is therefore without merit. Consent is not required to rule on pretrial non-dispositive matters, including motions to compel. United States v. Varnado, 447 F. App'x 48, 49-50 (11th Cir. 2011) (citations omitted). The first objection is overruled.

**B. Merits**

As to the merits of the Order, Plaintiffs argue that defendants are in possession of the medical records and plaintiffs do not understand what additional information is being sought for

the non-retained medical experts. Therefore, plaintiffs argue the Order is clearly erroneous and contrary to law.

"Experts who are 'retained or specially employed to provide expert testimony' prepare extensive Rule 26(a)(2)(B) reports, while others can submit a Rule 26(a)(2)(C) disclosure." Cedant v. United States, 75 F.4th 1314, 1317 (11th Cir. 2023). Since the two doctors in this case were initially hired to treat plaintiff rather than to testify, plaintiff only needed to file the less burdensome disclosures under Rule 26(a)(2)(C). Cedant, 75 F.4th at 1317. These required disclosures include providing a written summary setting out "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

The record in this case supports that Magistrate Judge's finding that plaintiffs have not provided a written summary of the opinions to which the two doctors are expected to testify. In the first motion to compel, defendants anticipated that the physicians would be used to offer opinions that cannot be obtained simply by reviewing treatment records. The first disclosure stated that Dr. Dingle would testify to the diagnosed fracture, medical care and treatment, post-op care, the extent of the injury, and "opine on the long-term prognosis, complications, pain, therapy, changes in

autonomy and physical independence, quality of life, and harm caused by this injury." (Doc. #89-1, p. 2.) What Dr. Dingle would "opine" was not stated. As to Dr. Schroering, who performed two surgeries on Mrs. Corbin's leg, the first disclosure stated that he would "opine on the long-term prognosis, complications, changes in autonomy and physical independence, quality of life, and harm caused by this injury." (Id.) Again, the actual opinion was not set forth.

After the motion was granted, plaintiffs expanded the disclosure for both doctors to add a bullet list of testimony covering the extent of the injury, the reasonable pain one would suffer after a forcible break of the leg, the need for immediate attention, the need for transport to the hospital, the effect of delayed treatment, and the effects of the injury on Mrs. Corbin's quality of life, livelihood, housekeeping duties, and libido. (Doc. #89-2, pp. 2-5.) In the second motion to compel, defendants referred to the email sent to plaintiffs' counsel in hopes of a voluntary amendment because the disclosures were still insufficient.

> The subjects/opinion topics are much more detailed than initially provided, but they don't provide an opinion one way or the other. They essentially give me a specific topic the physician will opine on without providing any opinion. And even if they are sufficient, the disclosure doesn't include the facts upon which those opinions are based. For example,

>    one opinion reads as follows – "The effects of
>    delayed treatment to her injury where her leg
>    was immediately fractured, and the person is
>    yelling out in severe pain that her leg was
>    fractured." What are the effects of delayed
>    treatment? The disclosures are silent. In
>    addition, if there is an opinion that
>    treatment was delayed, what facts is that
>    opinion based upon? Each listed opinion has
>    the same issue.

(Doc. #89 p. 3.)

In granting the second motion to compel, the Magistrate Judge found that "the disclosures must identify the doctors' opinions and summarize the facts on which they are based."  (Doc. #93, p. 8.)  Having reviewed the disclosures (Docs. #89-1, #89-2), the Court finds that the Magistrate was correct in finding that the disclosures did not comply with Rule 26 and that they are required to be updated to so comply.  Although the second amended disclosure listed the subject matters to be addressed by the two non-retained treating physicians, there is no summary of the opinions they draw from those subject matters, i.e., the medical treatment of Mrs. Corbin.  Therefore, the Court finds no error by the Magistrate Judge.

Accordingly, it is now

**ORDERED:**

1. Plaintiffs' Objection to the Magistrate's Order on Defendants' Second Motion to Compel (Doc. #95) is **OVERRULED.**

2. Plaintiffs shall file updated disclosures for Dr. Dingle and Dr. Schroering in compliance with the December 12, 2023, Order (Doc. #93) **on or before January 26, 2024.**

**DONE and ORDERED** at Fort Myers, Florida, this ___12th___ day of January 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Hon. Kyle C. Dudek
Counsel of Record